UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANDREW L. BROWN,

      Plaintiff,

v.                                                  Case No. 3:17cv23-RV-CJK

BLACKWATER RIVER
CORRECTIONAL FACILITY,

      Defendant.

_____/

REPORT AND RECOMMENDATION

On January 25, 2017, the undersigned entered an order (doc. 2) advising plaintiff his "Motion Demand for Injunction" (doc. 1) could not be considered because he had not commenced a civil action pertaining to the conduct of which he complained and there was no other action pending in this court in which the motion could be filed. The undersigned advised plaintiff that if he desired to commence a civil rights action under 42 U.S.C. § 1983, he was required to file a complaint on the proper form. The undersigned also advised plaintiff of other deficiencies in his filing, as well as the fact that his case could not proceed until he either paid the $400.00 filing fee or filed a motion to proceed *in forma pauperis* with supporting

documentation.

The undersigned directed the clerk of court to send plaintiff a complete set of forms needed for filing a motion to proceed *in forma pauperis* and a § 1983 complaint form and allowed plaintiff 30 days in which to either file a completed motion to proceed *in forma pauperis* or pay the $400.00 filing fee and file a complaint. The undersigned advised plaintiff that failure to comply with the order would result in a recommendation that the case be dismissed for failure to prosecute and/or failure to comply with an order of the court.

Plaintiff filed an amended complaint (doc. 4) and *in forma pauperis* motion (doc. 5) on February 13, 2017. The motion, however, was inadequate. The undersigned thus entered an order (doc. 10) on March 3, 2017, directing plaintiff to either pay the filing fee or file a completed motion to proceed *in forma pauperis* within 30 days and advising that if he failed to do so, the undersigned would recommend that the matter be dismissed for failure to prosecute and/or failure to comply with an order of the court.

Plaintiff failed to timely comply, but he requested a 7-day extension of time in which to do so (doc. 12). He then appealed to the district judge (doc. 14) the undersigned's March 3 order. The undersigned granted plaintiff's request for a 7-day extension (doc. 13), as a result of which the district judge denied plaintiff's appeal as

moot (doc. 15). After plaintiff failed to respond within the additional time allowed, the undersigned entered an order (doc. 16) directing him to show cause within 14 days why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court. Rather than comply with the order, plaintiff filed a "Motion for Re-Hearing" (doc. 17), directed to the district judge. He also appealed to the Eleventh Circuit (doc. 18) the district judge's order denying his appeal of the undersigned's March 3 order. He filed a motion for leave to proceed *in forma pauperis* on appeal (doc. 19), which the undersigned denied, finding the appeal was not taken in good faith.

On August 9, 2017, the undersigned entered an order (doc. 25) allowing plaintiff 14 days in which to both show cause why he had not complied with the orders directing him to either pay the filing fee or file a complete motion to proceed *in forma pauperis* and also to pay the filing fee or file a complete motion to proceed *in forma pauperis*. The undersigned advised that should plaintiff fail to comply, the undersigned would recommend, without further notice, that the matter be dismissed for failure to prosecute and/or failure to comply with an order of the court. Although it was beyond the 14 days allowed, plaintiff filed a motion for leave to proceed *in forma pauperis* (doc. 26). The undersigned granted the motion (doc. 27) and directed the clerk of court to assess an initial partial filing fee in the amount of $15.09. The

undersigned allowed plaintiff 30 days in which to submit the initial partial filing fee and advised that failure to pay the fee within the time allowed could result in a recommendation that the action be dismissed.

After plaintiff failed to submit the initial partial filing fee within the time allowed, the undersigned entered an order (doc. 32) directing him to show cause within 14 days why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court.  Rather than comply with the order, plaintiff filed another notice of appeal (doc. 34).  The undersigned entered an order (doc. 42) directing plaintiff to both show cause why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court and submit the initial partial filing fee within 14 days.  The undersigned advised that, should he not do so, the undersigned would recommend, without further notice, that the matter be dismissed.

Plaintiff submitted the initial partial filing fee.  Again, however, rather than show cause why the matter should not be dismissed for failure to prosecute and/or failure to  comply with an order of the court, plaintiff objected to the court's order. *See* doc. 45.  The undersigned allowed plaintiff a final opportunity to show cause within 14 days why the matter should not be dismissed based on his persistent failure to comply with the court's orders and again advised that, should he fail to do so, the

undersigned would recommend, without further notice, that the matter be dismissed. *See* doc. 48. Rather than comply, plaintiff filed a Motion for Inquiry (doc. 50), requesting a ruling on two motions he filed, which essentially were objections to prior orders. Because plaintiff has steadfastly failed to respond to the show cause orders, the undersigned finds the matter should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and/or failure to comply with an order of the court.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 20th day of December, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**